UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | Case No. 6:15 CV 1016-ORL-28GJK |

FEDERAL TRADE COMMISSION, and

STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL, DEPARTMENT OF
LEGAL AFFAIRS,

       Plaintiffs,

   vs.

ALL US MARKETING LLC, f/k/a Payless
Solutions, LLC, a Florida corporation;

GLOBAL MARKETING ENTERPRISES INC.,
f/k/a Pay Less Solutions Inc., a Florida corporation;

GLOBAL ONE FINANCIAL SERVICES LLC, a
Florida corporation;

YOUR #1 SAVINGS LLC, a Florida corporation;

OVADAA LLC, a Florida corporation;

ROYAL HOLDINGS OF AMERICA LLC, a
Florida corporation;

GARY RODRIGUEZ, individually and as an officer
of YOUR #1 SAVINGS LLC, and also d/b/a Global
Financial Services, LLC, Engineering Development
Enterprise LLC, and PBMS, LLC;

MARBEL RODRIGUEZ, individually and as an
officer of GLOBAL ONE FINANCIAL SERVICES
LLC, and also d/b/a American Best Savings LLC,
and Americas First Source LLC;

CARMEN WILLIAMS, individually and as an
officer of OVADAA LLC;

1

JONATHAN PAULINO, individually and as an
officer of ROYAL HOLDINGS OF AMERICA
LLC;

FAIRIBORZ FARD, individually and as an officer
of GLOBAL MARKETING ENTERPRISES INC.

SHIRIN IMANI, individually and as an officer of
GLOBAL MARKETING ENTERPRISES INC. and
ALL US MARKETING LLC; and

ALEX SERNA, individually and as an officer of
ALL US MARKETING LLC, and also d/b/a GRR
FINANCIAL SERVICES LLC and AJC Global
Solutions LLC;

           Defendants.

## STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANTS OVADAA LLC AND CARMEN WILLIAMS

Plaintiffs, Federal Trade Commission ("Commission" or "FTC") and the State of

Florida, filed their Complaint for Permanent Injunction and Other Equitable Relief

("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and

Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida

Statutes (2014), and moved *ex parte* for a temporary restraining order ("TRO") pursuant to

Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65, which the Court granted

on June 22, 2015.

Plaintiffs and Defendants Ovadaa LLC and Carmen Williams (collectively,

"Stipulating Defendants") have consented to entry of this Stipulated Preliminary Injunction.

2

This Court, having considered Plaintiffs' motion for a Preliminary Injunction and other cause appearing, finds that:

1.      This Court has jurisdiction over the subject matter of this case and jurisdiction over the Stipulating Defendants;

2.      Venue properly lies with this Court;

3.      There is good cause to believe that the Stipulating Defendants have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); various provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; and Section 501.204 of the FDUTPA, Chapter 501, Part II, Florida Statutes, and that Plaintiffs are therefore likely to prevail on the merits of this action;

4.      There is good cause to believe that immediate and irreparable harm to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Stipulating Defendants of their assets or corporate records unless Stipulating Defendants are immediately restrained and enjoined by Order of this Court.  There is thus good cause for an asset freeze and the appointment of a permanent receiver over corporate defendant Royal Holdings of America LLC.

5.      Weighing the equities and considering Plaintiffs' likelihood of ultimate success, a preliminary injunction is in the public interest.

6.      No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).  No bond is required with respect to relief requested pursuant this Court's Order entered on June 22, 2015.

3

## DEFINITIONS

For purposes of this Stipulated Preliminary Injunction ("Order"), the following definitions shall apply:

1.      **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      **"Assisting Others"** includes, but is not limited to:  (a) providing administrative services, including, but not limited to, filing business registrations with federal, state, or local government entities, establishing bank or merchant accounts, and/or handling banking transactions; (b) acting as an officer, director, or registered agent of a business entity; (c) establishing mail accounts or mail receiving boxes, and/or providing mailing or printing services; (d) performing customer service functions, including, but not limited to, forwarding mail received from consumers and/or receiving or responding to consumer complaints; (e) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (f) providing names of, or assisting in the generation of, potential customers; and (g) performing or providing marketing or billing services of any kind, including, but not limited to, performing or providing telemarketing services.

4

3.      **"Individual Defendants"** means Gary Rodriguez, Marbel Rodriguez, Carmen Williams, Jonathan Paulino, Fairiborz Fard, Shirin Imani, and Alex Serna, and by whatever other names each may be known.

4.      **"Corporate Defendants"** means All Us Marketing LLC, f/k/a Payless Solutions, LLC, Global Marketing Enterprises Inc., f/k/a Pay Less Solutions Inc., Global One Financial Services LLC, Your #1 Savings LLC, OVADAA LLC, and Royal Holdings Of America LLC, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6.      **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

7.      **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.     **"National Do Not Call Registry"** means the National Do Not Call Registry, which is the "do-not-call" registry maintained by the Federal Trade Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

9.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10.    **"Plaintiffs"** means the Federal Trade Commission ("FTC" or "Commission") and the State of Florida.

11.    **"Stipulating Receivership Defendant"** means Ovadaa LLC, and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by this entity.

12.    **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(bb).

13.    **"Telemarketing"** means any plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

I.

**PROHIBITED BUSINESS ACTIVITIES**

**IT IS THEREFORE ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other

device, in connection with the telemarketing, advertising, marketing, promoting, offering for sale, sale, or provision of any good or service, are hereby restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that:

1.     Defendants will substantially reduce consumers' credit card interest rates;

2.     Defendants will save consumers thousands of dollars in a short time as a result of lowered credit card interest rates;

3.     Defendants will enable consumers to pay off their debts much faster, typically three to five times faster, as a result of lowered credit card interest rates; and

4.     Defendants are representatives of, or otherwise affiliated with, consumers' banks or credit card companies;

B.     Causing billing information to be submitted for payment without having obtained consumers' express informed consent;

C.     Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

1.     Section 310.3(a)(2)(x) of the TSR, 16 C.F.R. § 310.3(a)(2)(x), by misrepresenting, directly or by implication, that:

a.     Defendants will substantially lower consumers' credit card interest rates;

b.     Defendants will save consumers thousands of dollars in a short time as a result of lowered credit card interest rates; and

7.

c.      Defendants will enable consumers to pay off their debts much faster, typically three to five times faster, as a result of lowered credit card interest rates;

2.      Section 310.4 (a)(2)(vii) of the TSR, 16 C.F.R. § 310.4(a)(2)(vii), by misrepresenting, directly or by implication, that Defendants are representatives of, or otherwise affiliated with, consumers' banks or credit card companies;

3.      Section 310.4 (a)(5)(i) of the TSR, 16 C.F.R. § 310.4(a)(5)(i), by requesting or receiving payment of any fee or consideration for debt relief services:

a.      before (i) they have renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer; and (ii) the customer has made at least one payment pursuant to that agreement; and/or

b.      when, to the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either (i) does not bear the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the entire debt balance as the individual debt amount bears to the entire debt amount, or (ii) is not a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration and that percentage does not change from one individual debt to another;

4.      Section 310.4(a)(7) of the TSR, 16 C.F.R. § 310.4(a)(7), by causing billing information to be submitted without the express informed consent of the consumer;

5.      Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), by engaging, or causing others to engage, in initiating an outbound telephone call to a person

8

when that person's telephone number is on the National Do Not Call Registry;

6.    Section 310.4(b)(1)(iii)(A) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(A), by initiating, or causing others to initiate, an outbound telephone call to a person who previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered;

7.    Section 310.4(a)(8) of the TSR, 16 C.F.R. § 310.4(a)(8), by failing to transmit or cause to be transmitted the telephone number and name of the telemarketer or seller to any caller identification service in use by a recipient of a telemarketing call;

8.    Section 310.4(b)(1)(v)(A)(i) of the TSR, 16 C.F.R. § 310.4(b)(1)(v)(A), by initiating, or causing others to initiate, an outbound telephone call that delivers a prerecorded message to induce the purchase of any good or service, unless the seller has obtained from the recipient of the call an express agreement, in writing, that:

a.    The seller obtained only after a clear and conspicuous disclosure that the purpose of the agreement is to authorize the seller to place prerecorded calls to such person;

b.    The seller obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service;

c.    Evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of a specific seller; and

d.    Includes such person's telephone number and signature;

9.    Section 310.4(d)(1), (2) and (3) of the TSR, 16 C.F.R. § 310.4(d)(1),

(2) and (3), by failing to disclose truthfully, promptly and in a clear and conspicuous manner the identity of the seller, that the purpose of the call is to sell goods or services, and the nature of the goods or services; and

        10.    Section 310.4(b)(1)(v)(B)(ii) of the TSR,

16 C.F.R. § 310.4(b)(1)(v)(B)(ii), by initiating, or causing others to initiate, outbound telephone calls delivering prerecorded messages that do not promptly provide the disclosures required by Section 310.4(d) of the TSR.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

        A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

        1.    Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.      In the actual or constructive possession of any Defendant; or

3.      In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing Plaintiffs prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.      Cashing any checks or depositing or processing any payments from customers of Defendants;

D.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

11

E.      Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section II.A through E above, and subject to prior written agreement with the Commission, Individual Defendant Carmen Williams may, upon compliance with Section IV (Financial Statements) *infra*, pay from her individual personal funds reasonable, usual, ordinary, and necessary living expenses.

The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

### III.

### DUTIES OF THIRD PARTIES HOLDING STIPULATING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Stipulating Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Stipulating Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1.      On behalf of, or for the benefit of, any Stipulating Defendant or any other party subject to Section II above;

2.      In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Stipulating Defendant or other party subject to Section II above; and

3.      That are subject to access or use by, or under the signatory power of, any Stipulating Defendant or other party subject to Section II above;

B.      Deny Stipulating Defendants access to any safe deposit boxes or storage facilities that are either:

1.      Titled in the name, individually or jointly, of any Defendant, or other party subject to Section II above; or

2.      Subject to access by any Defendant or other party subject to Section II above;

C.      Provide Plaintiffs, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.      The identification number of each account or asset titled in the name, individually or jointly, of any Stipulating Defendant, or held on behalf of, or for the benefit of, any Stipulating Defendant or other party subject to Section II above, including all trust accounts managed on behalf of any Stipulating Defendant or subject to any Stipulating Defendant's control;

2.      The balance of each such account, or a description of the nature and value of such asset;

13

3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access or control by any Stipulating Defendant or other party subject to Section II above, whether in whole or in part; and

4.      If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D.      Within five (5) days of a request from any Plaintiff, provide Plaintiffs with copies of all records or other documents pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.      Plaintiffs may properly serve this Order on any financial or brokerage institution, business entity or person that holds, controls or maintains custody of any account or Asset of any Stipulating Defendant or has held, controlled or maintained custody of any account or Asset of any Stipulating Defendant at any time since August 2011, by facsimile transmission, hand delivery or overnight carrier.

F.      This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled three years prior to the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## IV.

### FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that each Stipulating Defendant shall serve upon counsel for Plaintiffs, unless previously submitted in full compliance with the TRO, no later than five (5) business days after entry of this Order, a completed financial statement, accurate as of the date of entry of this Order, on the forms served on Defendants with this Order for Individual Defendants and for Corporate Defendants, as the case may be, signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Stipulating Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## V.

### MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A.     Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash

disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Stipulating Defendants' assets;

        B.     Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

        C.     Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

VI.

**<u>PROHIBITION ON DISCLOSING CUSTOMER INFORMATION</u>**

        **IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or

16

otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

      A.     Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint; and

      B.     Benefiting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint;

      *Provided, however,* that Stipulating Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VII.

## PERMANENT RECEIVER

### A. APPOINTMENT OF PERMANENT RECEIVER

      **IT IS FURTHER ORDERED** that Mark Bernet, Esq. is appointed Permanent Equity Receiver ("Receiver") for the Stipulating Receivership Defendant and any of its affiliates, subsidiaries, divisions, or sales or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and

solely the agent of this Court, in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.  The Receiver shall comply with all Local Rules of this Court governing receivers.

### B. RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

1.      Assume full control of the Stipulating Receivership Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Corporate Defendants, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Stipulating Receivership Defendant;

2.      Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Stipulating Receivership Defendant, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Stipulating Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Stipulating Receivership Defendant.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer or to allow the Stipulating Receivership Defendant to continue to debit or otherwise charge a consumer's account, if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter;

18

3.      Use any means necessary to take possession of and to secure all areas of the business premises of the Stipulating Receivership Defendant.  Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:  (a) serving this Order; (b) completing a written inventory of all receivership assets; (c) obtaining pertinent information from all employees and other agents of the Stipulating Receivership Defendant, including, but not limited to, the name, home address, Social Security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (d) videotaping all portions of the locations; (e) securing the locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations; (f) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Stipulating Receivership Defendant; and/or (g) employ the assistance of law enforcement officers as the Receiver deems necessary to implement the provisions of this Order;

4.      Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Stipulating Receivership Defendant, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets, and including the authority

19

to liquidate or close out any open securities or commodity futures positions of the Stipulating Receivership Defendant;

5.    Enter into contracts and purchase insurance as advisable or necessary;

6.    Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Stipulating Receivership Defendant;

7.    Manage and administer the business of the Stipulating Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

8.    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

9.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Stipulating Receivership Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Stipulating Receivership Defendant, such as rental payments;

10.    Determine and implement the manner in which the Stipulating Receivership Defendant will comply with, and prevent violations of, this Order and all other applicable laws;

11.    Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Stipulating Receivership Defendant or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

12.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Stipulating Receivership Defendant that the Receiver deems necessary and advisable to preserve the assets of the Stipulating Receivership Defendant or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

13.    Continue and conduct the business of the Stipulating Receivership Defendant in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a profit using the assets of the receivership estate;

14.    Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

15.     Open one or more bank accounts as designated depositories for funds of the Stipulating Receivership Defendant. The Receiver shall deposit all funds of the Stipulating Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

16.     Maintain accurate records of all receipts and expenditures that he or she makes as Receiver;

17.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency, including Plaintiffs; and

18.     File reports with the Court on a timely and reasonable basis.

## C. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

1.     Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to:

a.     Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

b.     Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

22

c.     Advising all persons who owe money to the Stipulating Receivership Defendant that all debts should be paid directly to the Receiver.

2.     Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from directly or indirectly:

a.     Transacting any of the business of the Stipulating Receivership Defendant;

b.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Stipulating Receivership Defendant, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other records of any kind or nature;

c.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Stipulating Receivership Defendant, or the Receiver;

d.     Excusing debts owed to the Stipulating Receivership Defendant;

e.     Failing to notify the Receiver of any asset, including accounts, of the Stipulating Receivership Defendant held in any name other than the name of the

23

Stipulating Receivership Defendant, or by any person or entity other than the Stipulating

Receivership Defendant, or failing to provide any assistance or information requested by the

Receiver in connection with obtaining possession, custody, or control of such assets;

    f.  Doing any act or refraining from any act whatsoever to

interfere with the Receiver's taking custody, control, possession, or managing of the assets or

documents subject to this receivership; or to harass or interfere with the Receiver in any way;

or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or

documents of the Stipulating Receivership Defendant; or to refuse to cooperate with the

Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority

under any Order of this Court; or

    g.  Filing, or causing to be filed, any petition on behalf of the

Stipulating Receivership Defendant for relief under the United States Bankruptcy Code, 11

U.S.C. § 101 et seq., without prior permission from this Court.

**D. DELIVERY OF RECEIVERSHIP PROPERTY**

**IT IS FURTHER ORDERED** that:

    1.  Immediately upon entry of this Order, or within such period as may be

permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver

possession, custody, and control of the following to the Receiver:

    a.  All assets of the Stipulating Receivership Defendant, including

assets subject to repatriation pursuant to Section IX, *infra*;

    b.  All documents of the Stipulating Receivership Defendant,

including, but not limited to, books and records of accounts, all financial and accounting

records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

                 c.      All assets belonging to members of the public now held by the Stipulating Receivership Defendant; and

                 d.      All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Stipulating Receivership Defendant, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, or other property. This includes providing the necessary means to gain access to commercial mail boxes.

                 2.      In the event any person or entity fails to deliver or transfer any receivership asset or document or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

### E. TRANSFER OF FUNDS TO THE RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all financial institutions, finance companies, commercial lending companies, credit card processing agents or agents providing electronic funds transfer services or automated

clearing house processing, brokerage houses, escrow agents, money market or mutual funds,

title companies, commodity futures merchants, commodity trading companies, precious

metal dealers, trustees, or other financial institutions or depositories of any kind, shall

cooperate with all reasonable requests of the Receiver relating to implementation of this

Order, including transferring funds at his or her direction and producing records related to the

assets of the Stipulating Receivership Defendant.

### F. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

1.      Except by leave of this Court, during pendency of the receivership

ordered herein, Defendants and all other persons and entities be and hereby are stayed from

taking any action to establish or enforce any claim, right, or interest for, against, on behalf of,

in, or in the name of, the Stipulating Receivership Defendant, any of its subsidiaries,

affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized

agents acting in their capacities as such, including, but not limited to, the following actions:

a.      Commencing, prosecuting, continuing, entering, or enforcing

any suit or proceeding, except that such actions may be filed to toll any applicable statute of

limitations;

b.      Accelerating the due date of any obligation or claimed

obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession,

custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any

interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help,

or otherwise, or setoff of any debt owing to the Stipulating Receivership Defendant that arose

before the date of this Order against any claim against the Stipulating Receivership Defendant;

          c.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

          d.      Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Stipulating Receivership Defendant.

     2.      This Order does not stay:

          a.      The commencement or continuation of a criminal action or proceeding;

          b.      The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

          c.      The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

     3.      Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has

not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

### G. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Stipulating Receivership Defendant. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### H. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver is not required to enter a bond, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

### VIII.

### ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other

device, and the Receiver, shall allow Plaintiffs' representatives, agents, and assistants, as well as the Stipulating Receivership Defendant's representatives, and the Individual Defendants themselves, reasonable access to all of Stipulating Receivership Defendant's business premises, or any other premises where the Stipulating Receivership Defendant conducts business or customer service operations.  Such locations include, but are not limited to, 5104 N. Orange Blossom Trail #200, Orlando, Florida  32810, 8803 Futures Drive #10, Orlando, Florida  32819, and 1200 W. State Road 434, Suites 216 and 226, Longwood, Florida 32750.

The purpose of this access shall be to inspect and copy any and all books, records, documents, accounts, and other property owned by, or in the possession of, the Stipulating Receivership Defendant or its agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.  Plaintiffs may remove materials from the Stipulating Receivership Defendant's business premises to inspect, inventory, and copy such materials.  Plaintiffs shall return materials so removed within five (5) business days of completing said inventory and copying.  Plaintiffs' access to the Stipulating Receivership Defendant's documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by any Plaintiff.

## IX.

## <u>REPATRIATION OF ASSETS AND DOCUMENTS</u>

**IT IS FURTHER ORDERED** that Stipulating Defendants shall:

A.      Unless previously completed in full compliance with the TRO, within three (3) business days following entry of this Order, take such steps as are necessary to repatriate

to the territory of the United States of America all documents and assets that are located outside such territory and are held by or for Stipulating Defendants or are under Stipulating Defendants' direct or indirect control, jointly, severally, or individually;

      B.     Unless previously completed in full compliance with the TRO, within three (3) business days following entry of this Order, provide Plaintiffs with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America pursuant to Subsection A above and are held by or for any Stipulating Defendant or are under any Stipulating Defendant's direct or indirect control, jointly, severally, or individually, including the names and addresses of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

      C.     Hold and retain all such documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and

      D.     Unless previously completed in full compliance with the TRO, within three (3) business days following entry of this Order, provide Plaintiffs access to Stipulating Defendants' records and documents held by financial institutions or other entities outside the territory of the United States of America, by signing and delivering to Plaintiffs' counsel the Consent to Release of Financial Records attached to this Order as Attachment A.

## X.

## INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or

dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section IX of this Order, including, but not limited to:

A.     Sending any statement, letter, facsimile, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that assets have been fully repatriated pursuant to the preceding Section of this Order; and

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as assets have been fully repatriated pursuant to the preceding Section of this Order.

## XI.

## <u>EXPEDITED DISCOVERY</u>

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

A.     Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Stipulating Defendants, and Stipulating Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Stipulating Defendants, and Stipulating Defendants' affiliates and subsidiaries; the location of any premises where Stipulating Defendants,

directly or through any third party, conduct business operations; the Stipulating Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

   B.  Demand the production of documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Stipulating Defendants, and Stipulating Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Stipulating Defendants, and Stipulating Defendants' affiliates and subsidiaries; the location of any premises where Stipulating Defendants, directly or through any third party, conduct business operations; the Stipulating Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

   Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.  The provisions of this Section shall apply both to parties to this case and to non-parties.  The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A).  Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XIII of this Order.

## XII.

### <u>DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS</u>

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, partners, divisions, sales entities, successors, assigns, members, officers, directors, employees, independent contractors, agents, servants, attorneys, spouses, representatives, and any other persons in active concert or participation with them.  Within five (5) calendar days following entry of this Order, Stipulating Defendants shall file with this Court and serve on Plaintiffs an affidavit identifying the name, title, addresses, telephone numbers, date of service, and manner of service of the persons and entities Stipulating Defendants have served with a copy of this Order in compliance with this provision.

### XIII.

### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by United States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiffs, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Stipulating Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XIV.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer

or credit report concerning any Stipulating Defendant to Plaintiffs.

## XV.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFFS

**IT IS FURTHER ORDERED** that for purposes of this Order, all correspondence

and pleadings to the Federal Trade Commission shall be addressed to:

> James Davis
> John Hallerud
> Elizabeth Scott
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5634 [Telephone]
> (312) 960-5600 [Facsimile]

All correspondence and pleadings to the State of Florida, Office of the Attorney General,

shall be addressed to:

> Denise Beamer
> Assistant Attorney General
> Office of the Attorney General
> Consumer Protection Division
> 135 W. Central Boulevard, Suite 1000
> Orlando, Florida 32801
> (407) 245-0833 [Telephone]
> (407) 245-0365 [Facsimile]

## XVI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter

for all purposes.

**SO ORDERED**, this ___7___ day of _____, 2015.

_____
The Honorable John Antoon, II
United States District Judge
Middle District of Florida

**SO STIPULATED:**

Dated: ___July 2___, 2015

JONATHAN E. NUECHTERLEIN
General Counsel

_____
JAMES DAVIS, Trial Counsel
JOHN HALLERUD
ELIZABETH SCOTT
Federal Trade Commission, Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Telephone: (312) 960-5634
Facsimile: (312) 960-5600
Email: dotoole@ftc.gov; mreich@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PAMELA JO BONDI
Attorney General
State of Florida

Dated: _July 2_, 2015

_Denise Beamerb, ICH_
DENISE BEAMER
Assistant Attorney General
Florida Bar # 69369
Email: Denise.Beamer@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Telephone:  (407) 245-0833
Facsimile:  (407) 245-0365

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

Dated: _7/2_, 2015

CARMEN WILLIAMS, *pro se*, individually
and as an officer of OVADAA LLC

## ATTACHMENT A

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, and | ) |
|  | ) |
| STATE OF FLORIDA, OFFICE OF THE | ) |
| ATTORNEY GENERAL, DEPARTMENT OF | ) |
| LEGAL AFFAIRS, | ) |
|  | ) |
| Plaintiffs, | ) Civil No. 6:15 CV 1016-ORL-28GJK |
|  | ) |
| v. | ) |
|  | ) |
| ALL US MARKETING LLC, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

### CONSENT TO RELEASE OF FINANCIAL INFORMATION

I, *Carmen Williams* of *Dvadaa LLC.*

(city or province and country), do hereby direct any person, bank, savings and loan

association, credit union, depository institution, finance company, commercial lending

company, payment processor, payment processing entity, common carrier, customs broker,

commercial mail receiving agency, mail holding and/or forwarding company, brokerage

house, escrow agent, money market or mutual fund, title company, commodity trading

company, or trustee, that holds, controls or maintains custody of assets, wherever located,

that are owned or controlled by me, or the Stipulating Receivership Defendant, in whole or in

part, or at which I, or the Stipulating Receivership Defendant, have an account of any kind

i

upon which I am authorized to draw, and its officers, employees and agents, to disclose all

information and deliver copies of all documents of every nature in its possession or control

which relate to the said accounts to any attorney for Plaintiffs, and to give evidence relevant

thereto, in the above captioned matter, *FTC and State of Florida v. All US Marketing LLC, et

al.*, now pending in the United States District Court for the Middle District of Florida, and

this shall be irrevocable authority for so doing.  This direction is intended to apply to the laws

of countries other than the United States of America which restrict or prohibit the disclosure

of bank or other financial information without the consent of the holder of the account, and

shall be construed as consent with respect thereto, and the same shall apply to any of the

accounts for which I may be the relevant principal.

Dated: _____7/2_____, 2015

_____
[Signature]

_____
[Print Name]

ii