UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
STATE OF FLORIDA, OFFICE OF THE               Case No.: 6:15-cv-1016-JA-KRS
ATTORNEY GENERAL, DEPARTMENT
OF LEGAL AFFAIRS,

                        Plaintiffs,

vs.

ALL US MARKETING LLC, f/k/a
PAYLESS SOLUTIONS, LLC, et. al.,

                        Defendants.
_____/

### STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANTS KIMBERLY COARSE, AUTO GUARDIAN USA, LLC, AND PREMIER MARKETING INTERNATIONAL, LLC

Plaintiffs, Federal Trade Commission ("Commission" or "FTC") and the State of

Florida, filed their Complaint for Permanent Injunction and Other Equitable Relief

("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and

Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida

Statutes (2014), and moved *ex parte* for a temporary restraining order ("TRO") pursuant to

Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65, which the Court granted

on June 22, 2015.  On October 6, 2015, Plaintiffs filed their First Amended Complaint,

1

naming five new defendants, including Auto Guardian USA, LLC, Premier Marketing International, LLC, and Kimberly Coarse (collectively, "Stipulating Defendants").

Plaintiffs and Stipulating Defendants have consented to entry of this Stipulated Preliminary Injunction. This Court, having considered Plaintiffs' motion for a Preliminary Injunction and other cause appearing, finds that:

1.    This Court has jurisdiction over the subject matter of this case and jurisdiction over the Stipulating Defendants;

2.    Venue properly lies with this Court;

3.    There is good cause to believe that the Stipulating Defendants have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); various provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; and Section 501.204 of the FDUTPA, Chapter 501, Part II, Florida Statutes, and that Plaintiffs are therefore likely to prevail on the merits of this action;

4.    There is good cause to believe that immediate and irreparable harm to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Stipulating Defendants of their assets or corporate records unless Stipulating Defendants are immediately restrained and enjoined by Order of this Court. There is thus good cause for an asset freeze over the Stipulating Defendants.

5.    Weighing the equities and considering Plaintiffs' likelihood of ultimate success, a preliminary injunction is in the public interest.

2

6.      No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).  No bond is required with respect to relief requested pursuant to this Court's Order entered on June 22, 2015.

7.      This Order does not constitute, and shall not be interpreted to constitute, an admission by Stipulating Defendants, or a finding that Stipulating Defendants have engaged in violations of any law or regulations, including the Federal Trade Commission Act, the Telemarketing Sales Rule, and the Florida Deceptive and Unfair Trade Practices Act.

## DEFINITIONS

For purposes of this Stipulated Preliminary Injunction ("Order"), the following definitions shall apply:

1.      "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      "**Assisting Others**" includes, but is not limited to:  (a) providing administrative services, including, but not limited to, filing business registrations with federal, state, or local government entities, establishing bank or merchant accounts, and/or handling banking transactions; (b) acting as an officer, director, or registered agent of a business entity; (c) establishing mail accounts or mail receiving boxes, and/or providing mailing or printing services; (d) performing customer service functions, including, but not

3

limited to, forwarding mail received from consumers and/or receiving or responding to consumer complaints; (e) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (f) providing names of, or assisting in the generation of, potential customers; and (g) performing or providing marketing or billing services of any kind, including, but not limited to, performing or providing telemarketing services.

3.      "**Individual Defendants**" means Gary Rodriguez, Marbel Rodriguez, Carmen Williams, Jonathan Paulino, Fairiborz Fard, Shirin Imani, Alex Serna, Christian Serna, and Kimberly Coarse, and by whatever other names each may be known.

4.      "**Corporate Defendants**" means All Us Marketing LLC, f/k/a Payless Solutions, LLC, Global Marketing Enterprises Inc., f/k/a Pay Less Solutions Inc., Global One Financial Services LLC, Your #1 Savings LLC, Ovadaa LLC, Royal Holdings Of America LLC, GRR Financial Services LLC, Auto Guardian USA, LLC, and Premier Marketing International, LLC, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5.      "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6.      "**Document**" or "**Documents**" means any materials listed in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection

4

devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

7.      "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.      "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9.      "**Plaintiffs**" means the Federal Trade Commission ("FTC" or "Commission") and the State of Florida.

10.      "**Receivership Defendants**" means All Us Marketing LLC, f/k/a Payless Solutions, LLC, Global Marketing Enterprises Inc., f/k/a Pay Less Solutions Inc., Global One Financial Services LLC, Your #1 Savings LLC, Ovadaa LLC, Royal Holdings Of America LLC, and their successors and assigns, as well as any affiliates and subsidiaries, and any fictitious business entities or business names created or used by these entities, including, without limitation AR Homeeducations LLC..

11.      "**Stipulating Corporate Defendants**" means Corporate Defendants Auto Guardian USA, LLC and Premier Marketing International, LLC, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities.

12.     **"Stipulating Defendants"** means the Stipulating Individual Defendant Kimberly Coarse and the Stipulating Corporate Defendants Auto Guardian USA, LLC and Premier Marketing International, LLC, individually, collectively, or in any combination.

13.     **"Stipulating Individual Defendant"** means Individual Defendant Kimberly Coarse.

14.     **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.  16 C.F.R. § 310.2(bb).

15.     **"Telemarketing"** means any plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## I.

### PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promoting, offering for sale, sale, or provision of any good or service, are hereby restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that:

1.     Defendants will substantially reduce consumers' credit card interest rates;

6

2.      Defendants will save consumers thousands of dollars in a short time as a result of lowered credit card interest rates; and

3.      Defendants will enable consumers to pay off their debts much faster, typically three to five times faster, as a result of lowered credit card interest rates;

B.      Causing billing information to be submitted for payment without having obtained consumers' express informed consent;

C.      Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

1.      Section 310.3(a)(2)(x) of the TSR, 16 C.F.R. § 310.3(a)(2)(x), by misrepresenting, directly or by implication, that:

a.      Defendants will substantially lower consumers' credit card interest rates;

b.      Defendants will save consumers thousands of dollars in a short time as a result of lowered credit card interest rates; and

c.      Defendants will enable consumers to pay off their debts much faster, typically three to five times faster, as a result of lowered credit card interest rates;

2.      Section 310.4 (a)(5)(i) of the TSR, 16 C.F.R. § 310.4(a)(5)(i), by requesting or receiving payment of any fee or consideration for debt relief services:

a.      before (i) they have renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer; and (ii) the customer has made at least one payment pursuant to that agreement; and/or

7

b.      when, to the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either (i) does not bear the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the entire debt balance as the individual debt amount bears to the entire debt amount, or (ii) is not a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration and that percentage does not change from one individual debt to another;

3.      Section 310.4(a)(7) of the TSR, 16 C.F.R. § 310.4(a)(7), by causing billing information to be submitted without the express informed consent of the consumer;

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

1.     Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.     In the actual or constructive possession of any Defendant; or

3.     In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing Plaintiffs prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.     Cashing any checks or depositing or processing any payments from customers of Defendants;

D.     Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E.     Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section II.A through E above, and subject to prior written agreement with the Commission, Individual Defendant Kimberly Coarse may pay from her individual personal funds reasonable, usual, ordinary, and necessary living expenses.

The funds, property, and assets affected by this Section shall include: (1) all assets of the Stipulating Defendants as of the time this Order is entered; and (2) for assets obtained after the time this Order is entered, those assets of the Stipulating Defendants that are derived, directly or indirectly, from the Defendants' activities related to any activity that is the subject of the Commission's Amended Complaint or prohibited by the TRO.

## III.

## DUTIES OF THIRD PARTIES HOLDING STIPULATING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Stipulating Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Stipulating Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1.     On behalf of, or for the benefit of, any Stipulating Defendant or any other party subject to Section II above;

2.     In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Stipulating Defendant or other party subject to Section II above; and

3.     That are subject to access or use by, or under the signatory power of, any Stipulating Defendant or other party subject to Section II above;

B.     Deny Stipulating Defendants access to any safe deposit boxes or storage facilities that are either:

1.     Titled in the name, individually or jointly, of any Defendant, or other party subject to Section II above; or

2.     Subject to access by any Defendant or other party subject to Section II above;

C.     Provide Plaintiffs, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.     The identification number of each account or asset titled in the name, individually or jointly, of any Stipulating Defendant, or held on behalf of, or for the benefit of, any Stipulating Defendant or other party subject to Section II above, including all trust

11

accounts managed on behalf of any Stipulating Defendant or subject to any Stipulating Defendant's control;

        2.      The balance of each such account, or a description of the nature and value of such asset;

        3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access or control by any Stipulating Defendant or other party subject to Section II above, whether in whole or in part; and

        4.      If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

    D.      Within five (5) days of a request from any Plaintiff, provide Plaintiffs with copies of all records or other documents pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

    E.      Plaintiffs may properly serve this Order on any financial or brokerage institution, business entity or person that holds, controls or maintains custody of any account or Asset of any Stipulating Defendant or has held, controlled or maintained custody of any account or Asset of any Stipulating Defendant at any time since August 2011, by facsimile transmission, hand delivery or overnight carrier.

F.     This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled three years prior to the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## IV.

## FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that each Stipulating Defendant shall serve upon counsel for Plaintiffs, no later than five (5) business days after entry of this Order, a completed financial statement, accurate as of the date of entry of this Order, on the forms served on Defendants with this Order for Individual Defendants and for Corporate Defendants, as the case may be, signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Stipulating Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## V.

## MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise,

13

whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A.      Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Stipulating Defendants' assets;

B.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.      Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VI.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A.       Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint; and

B.       Benefiting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint;

*Provided, however,* that Stipulating Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

15

## VII.

## COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with and assist the Receiver, Mark Bernet, appointed by the Court in this matter.  This cooperation and assistance shall include, but not be limited to, providing any information or assistance to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities under the Preliminary Injunction Orders entered by the Court on July 7, 2015. Nothing in this provision, or in this Stipulated Preliminary Injunction, shall be deemed a waiver of, or require a waiver of, any applicable legal privilege.

## VIII.

## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.      Immediately upon entry of this Order, or within such period as may be permitted by the Receiver, Stipulating Defendants, to the extent that any of them have possession, custody, or control of any property of any Receivership Defendant, shall transfer or deliver possession, custody, and control of the following to the Receiver:

1.      All assets of the Receivership Defendants, including assets subject to repatriation pursuant to Section IX, *infra*;

16

2.      All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

c.      All assets belonging to members of the public now held by the Receivership Defendants; and

d.      All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, or other property. This includes providing the necessary means to gain access to commercial mail boxes.

B.      In the event any Stipulating Defendant fails to deliver or transfer any receivership asset or document or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

## IX.

## REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants shall:

17

      A.      Within three (3) business days following entry of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all documents and assets that are located outside such territory and are held by or for Stipulating Defendants or are under Stipulating Defendants' direct or indirect control, jointly, severally, or individually;

      B.      Within three (3) business days following entry of this Order, provide Plaintiffs with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America pursuant to Subsection A above and are held by or for any Stipulating Defendant or are under any Stipulating Defendant's direct or indirect control, jointly, severally, or individually, including the names and addresses of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

      C.      Hold and retain all such documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and

      D.      Within three (3) business days following entry of this Order, provide Plaintiffs access to Stipulating Defendants' records and documents held by financial institutions or other entities outside the territory of the United States of America, by signing and delivering to Plaintiffs' counsel the Consent to Release of Financial Records attached to this Order as Attachment A.

## X.

### INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendants are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section IX of this Order, including, but not limited to:

A.      Sending any statement, letter, facsimile, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that assets have been fully repatriated pursuant to the preceding Section of this Order; and

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as assets have been fully repatriated pursuant to the preceding Section of this Order.

## XI.

### EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

A.      Take the deposition of any person, whether or not a party, for the purpose of

discovering the nature, location, status, and extent of the assets of Stipulating Defendants,
and Stipulating Defendants' affiliates and subsidiaries; the nature and location of documents
reflecting the business transactions of Stipulating Defendants, and Stipulating Defendants'
affiliates and subsidiaries; the location of any premises where Stipulating Defendants,
directly or through any third party, conduct business operations; the Stipulating Defendants'
whereabouts; and/or the applicability of any evidentiary privileges to this action; and

      B.     Demand the production of documents from any person, whether or not a party,
relating to the nature, status, and extent of the assets of Stipulating Defendants, and
Stipulating Defendants' affiliates and subsidiaries; the nature and location of documents
reflecting the business transactions of Stipulating Defendants, and Stipulating Defendants'
affiliates and subsidiaries; the location of any premises where Stipulating Defendants,
directly or through any third party, conduct business operations; the Stipulating Defendants'
whereabouts; and/or the applicability of any evidentiary privileges to this action.

      Seven (7) days notice shall be deemed sufficient for any such deposition, ten (10)
days notice shall be deemed sufficient for the production of any such documents, and forty-
eight (48) hours notice shall be deemed sufficient for the production of any such documents
that are maintained or stored only as electronic data. The provisions of this Section shall
apply both to parties to this case and to non-parties. The limitations and conditions set forth
in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent
depositions of an individual shall not apply to depositions taken pursuant to this Section.
Any such depositions taken pursuant to this Section shall not be counted toward any limit on
the number of depositions under the Federal Rules of Civil Procedure, including those set

forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XIII of this Order.

## XII.

## DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, partners, divisions, sales entities, successors, assigns, members, officers, directors, employees, independent contractors, agents, servants, attorneys, spouses, representatives, and any other persons in active concert or participation with them. Within five (5) calendar days following entry of this Order, Stipulating Defendants shall file with this Court and serve on Plaintiffs an affidavit identifying the name, title, addresses, telephone numbers, date of service, and manner of service of the persons and entities Stipulating Defendants have served with a copy of this Order in compliance with this provision.

## XIII.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by United States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiffs, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Stipulating Defendant, or that may be subject to any provision of this Order.

Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XIV.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Stipulating Defendant to Plaintiffs.

## XV.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFFS

**IT IS FURTHER ORDERED** that for purposes of this Order, all correspondence and pleadings to the Federal Trade Commission shall be addressed to:

> James Davis
> John Hallerud
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5634 [Telephone]
> (312) 960-5600 [Facsimile]

All correspondence and pleadings to the State of Florida, Office of the Attorney General, shall be addressed to:

> Denise Beamer
> Kristen Johnson
> Assistant Attorney General
> Office of the Attorney General
> Consumer Protection Division
> 135 W. Central Boulevard, Suite 1000
> Orlando, Florida 32801
> (407) 245-0833 [Telephone]
> (407) 245-0365 [Facsimile]

22

## XVI.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter

for all purposes.

SO ORDERED, this 3ʳᵈ day of December, 2015.

_____
The Honorable John Antoon, II
United States District Judge
Middle District of Florida

**SO STIPULATED:**

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: 12/2/15, 2015

_____
JAMES DAVIS, Trial Counsel
JOHN HALLERUD
Federal Trade Commission, Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Telephone: (312) 960-5634
Facsimile: (312) 960-5600
Email: jdavis@ftc.gov; jhallerud@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

23

PAMELA JO BONDI
Attorney General
State of Florida

Dated: 12/2 _____, 2015

_____
DENISE BEAMER
KRISTEN JOHNSON
Assistant Attorneys General
Florida Bar # 69369 (Beamer) and #89096

(Johnson)

Email: Denise.Beamer@myfloridalegal.com
      Kristen.Johnson@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Telephone:  (407) 316-4840
Facsimile:  (407) 245-0365

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

Dated: November 30ᵗʰ, 2015

_____
KIMBERLY COARSE, individually and as an
officer of Auto Guardian USA, LLC and
Premier Marketing International, LLC

24

## ATTACHMENT A

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, and | ) |
| | ) |
| STATE OF FLORIDA, OFFICE OF THE | ) |
| ATTORNEY GENERAL, DEPARTMENT OF | ) |
| LEGAL AFFAIRS, | ) |
| | ) |
| Plaintiffs, | ) Civil No. 6:15 CV 1016-ORL-28GJK |
| | ) |
| v. | ) |
| | ) |
| ALL US MARKETING LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### CONSENT TO RELEASE OF FINANCIAL INFORMATION

I, Kimberly Coarse, of Windermere, FL
(city or province and country), do hereby direct any person, bank, savings and loan

association, credit union, depository institution, finance company, commercial lending

company, payment processor, payment processing entity, common carrier, customs broker,

commercial mail receiving agency, mail holding and/or forwarding company, brokerage

house, escrow agent, money market or mutual fund, title company, commodity trading

company, or trustee, that holds, controls or maintains custody of assets, wherever located,

that are owned or controlled by me, or the Stipulating Defendants, in whole or in part, or at

which I, or the Stipulating Defendants, have an account of any kind upon which I am

25

authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in its possession or control which relate to the said accounts to any attorney for Plaintiffs, and to give evidence relevant thereto, in the above captioned matter, *FTC and State of Florida v. All US Marketing LLC, et al.,* now pending in the United States District Court for the Middle District of Florida, and this shall be irrevocable authority for so doing.  This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit the disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the accounts for which I may be the relevant principal.

Dated: November 30th , 2015

_____
[Signature]

_____
[Print Name]

26