UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION, and

STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL, DEPARTMENT OF
LEGAL AFFAIRS,

       Plaintiffs,

    vs.

ALL US MARKETING LLC, f/k/a Payless
Solutions, LLC, a Florida corporation, et al.,

       Defendants.

**Case No. 6:15 CV 1016-JA-KRS**

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL
JUDGMENT AS TO DEFENDANT ALEX SERNA**

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of

Florida (collectively, "Plaintiffs"), filed their First Amended Complaint for Permanent

Injunction and Other Equitable Relief ("First Amended Complaint"), pursuant to Sections

13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and

57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing

Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA"), Chapter 501, Part II, Florida Statutes (2014). Plaintiffs and Alex Serna

("Stipulating Defendant") stipulate to the entry of this Stipulated Order for Permanent

Injunction and Final Judgment ("Order") to resolve all matters in dispute in this action

between them.

    **THEREFORE, IT IS ORDERED** and **ADJUDGED** as follows:

1

**FINDINGS**

1.     This Court has jurisdiction over this matter;

2.     The First Amended Complaint charges that Stipulating Defendant participated in deceptive and unfair acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); various provisions of the TSR, 16 C.F.R. Part 310; and Section 501.204 of the FDUTPA, Chapter 501, Part II, Florida Statutes, in the advertising, marketing, promotion, offering for sale, or sale of credit card interest rate reduction services.

3.     Stipulating Defendant neither admits nor denies any of the allegations in the First Amended Complaint, except as specifically stated in this Order.  Only for purposes of this action, Stipulating Defendant admits the facts necessary to establish jurisdiction.

4.     Stipulating Defendant waives any claim that he may have against Plaintiffs and the Receiver and their employees, representatives, and agents and any claim that Stipulating Defendant may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order.  Stipulating Defendant agrees to bear his own costs and attorneys fees.

5.     Stipulating Defendant waives all rights to appeal or otherwise to challenge or to contest the validity of this Order.

**DEFINITIONS**

For purposes of this Stipulated Order for Permanent Injunction and Final Judgment, the following definitions apply:

2

1.      "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      "**Assisting Others**" includes, but is not limited to:

    a.      performing customer service functions, including receiving or responding to consumer complaints;

    b.      formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

    c.      formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    d.      providing names of, or assisting in the generation of, potential customers;

    e.      performing marketing, billing, or payment services of any kind; and

    f.      acting or serving as an owner, officer, director, manager, or principal of any entity.

3

3.      **"Individual Defendants"** means Gary Rodriguez, Marbel Rodriguez, Carmen Williams, Jonathan Paulino, Fairiborz Fard, Shirin Imani, Alex Serna, Christian Serna, and Kimberly Coarse, and by whatever other names each may be known.

4.      **"Corporate Defendants"** means All Us Marketing LLC, f/k/a Payless Solutions, LLC, Global Marketing Enterprises Inc., f/k/a Pay Less Solutions Inc., Global One Financial Services LLC, Your #1 Savings LLC, Ovadaa LLC, Royal Holdings Of America LLC, GRR Financial Services LLC, Auto Guardian USA, LLC, Premier Marketing International, LLC, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6.      **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

7.      **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.    **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

a.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

b.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

c.    improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

d.    provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

9.    **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10.    **"Plaintiffs"** means the Federal Trade Commission ("FTC" or "Commission") and the State of Florida.

11.    **"Secured or unsecured debt relief product or service"** means:

a.    with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

i.    stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's

5

dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

        ii.    negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

        iii.    obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

        iv.    negotiate, obtain, or arrange any extension of the period of time within which a person may (a) cure his or her default on the mortgage, loan, debt, or obligation, (b) reinstate his or her mortgage, loan, debt, or obligation, (c) redeem a dwelling or other collateral, or (d) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

        v.    obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

        vi.    negotiate, obtain, or arrange (a) a short sale of a dwelling or other collateral, (b) a deed-in-lieu of foreclosure, or (c) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

b.      with respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

i.      repay one or more unsecured loans, debts, or obligations; or

ii.      combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

12.    **"Stipulating Defendant"** means Individual Defendant Alex Serna.

13.    **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## I.

## PERMANENT BAN ON ROBOCALLS

**IT IS ORDERED** that Stipulating Defendant is permanently restrained and enjoined from initiating, or causing others to initiate, any telephone call that delivers a prerecorded message.

## II.

## PERMANENT BAN ON TELEMARKETING

**IT IS FURTHER ORDERED** that Stipulating Defendant is permanently restrained and enjoined from participating in Telemarketing, whether directly or through an intermediary.

## III.

### PERMANENT BAN WITH RESPECT TO SECURED OR UNSECURED DEBT RELIEF PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendant is permanently restrained and enjoined from the advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any Secured or Unsecured Debt Relief Product or Service.

## IV.

### PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any Financial Product or Service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    The terms or rates that are available for any loan or other extension of credit, including:

        1.    Closing costs or other fees;

        2.    The payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        3.    The interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4.      The loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

5.      The amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6.      Whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7.      That the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.      The ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history.

C.      That a consumer will receive legal representation.

D.      Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

**V.**

**PROHIBITION AGAINST CERTAIN PRACTICES RELATING TO ANY PRODUCTS OR SERVICES**

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of

9

them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from:

     A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

     1.    Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer.

     2.    That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program.

     3.    The nature, expertise, position, or job title of any person who provides any product, service, plan, or program.

     4.    Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

     B.    Causing billing information to be submitted for payment without having obtained consumers' express informed consent.

10

## VI.

### PROHIBITION AGAINST DECEPTIVE OR UNSUBSTANTIATED CLAIMS

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale or sale of any product or service, are permanently restrained and enjoined from making any representation, or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service , unless the representation is non-misleading, and, at the time such representation is made, Stipulating Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## VII.

### MONETARY RELIEF

**IT IS FURTHER ORDERED** that Stipulating Defendant has agreed to entry of a monetary judgment against him in the event he does not comply with the obligations set forth below.  Specifically, Stipulating Defendant and Plaintiffs agree that Stipulating Defendant would submit and has submitted a financial statement to Plaintiffs as a precondition of settlement of this case and further that this financial statement must be truthful, accurate, and complete:

11

A.      Stipulating Defendant submitted to Plaintiffs his sworn financial statement and related documents, namely the Financial Statement of Individual Defendant Alex Serna, signed on August 30, 2015, including the attachments.

B.      Plaintiffs' agreement to this settlement is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendant's Financial Statement.

C.      If, upon motion by any Plaintiff, the Court finds that Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the Financial Statement identified above, then:

     1.      Judgment shall be entered in favor of Plaintiffs and against Stipulating Defendant as equitable monetary relief;

     2.      The judgment amount shall be $4,890,797.00, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order; and

     3.      The judgment becomes immediately due.

D.      Plaintiffs and Stipulating Defendant stipulate that $4,890,797.00 represents the consumer injury caused by the violations alleged in the First Amended Complaint.

## VIII.

## ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.      Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

12

B.     The facts alleged in the First Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Stipulating Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which he previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.     All money paid to Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of both the Commission and the State of Florida. This fund shall be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Stipulating Defendant's practices alleged in the First Amended Complaint, relinquish its authority over any portion of the joint monies not used for equitable relief to the State of Florida, or both. Stipulating Defendant shall have no right

13

to challenge the Commission's choice of remedies under this Section. Stipulating Defendant has no right to challenge any actions Plaintiffs or their representatives may take pursuant to this Subsection.

      F.     All joint funds not used for the equitable relief described above in Paragraph E of this Section ("remaining joint funds") shall be distributed between the Commission and the State of Florida in the following manner:

      1.     The State of Florida shall be reimbursed for the costs and fees it incurred in this matter including, but not limited to, its costs of investigation and litigation, after which,

      2.     All remaining joint funds shall be divided equally between the Commission and the State of Florida.

## IX.

## DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the Stipulating Defendant's Assets pursuant to the Preliminary Injunction is hereby dissolved. A financial institution shall be entitled to rely upon a letter from the Commission stating that the freeze on Stipulating Defendant's Assets has been lifted.

## X.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from

14

directly or indirectly:

      A.     Failing to provide sufficient customer information to enable the Commission to administer efficiently consumer redress.  If a representative of the Commission requests in writing any information related to redress, Stipulating Defendant must provide it, in the form prescribed by the Commission, within fourteen (14) days.

      B.     Disclosing, using, or benefiting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order.

      C.     Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Plaintiffs.

*Provided, however*, that customer information need not be destroyed, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## XI.

## PROHIBITION AGAINST COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any

right to collect payment from any consumer who purchased or agreed to purchase any credit

card interest rate reduction product or service from any Defendant.

## XII.

### COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendant must fully cooperate with

representatives of Plaintiffs in this case and in any investigation related to or associated with

the transactions or the occurrences that are the subject of the First Amended Complaint.

Stipulating Defendant must provide truthful and complete information, evidence, and

testimony.  Stipulating Defendant must appear for interviews, discovery, hearings, trials, and

any other proceedings that a Commission or State of Florida representative may reasonably

request upon five (5) days written notice, or other reasonable notice, at such places and times

as a Commission or State of Florida representative may designate, without the service of a

subpoena.

## XIII.

### ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendant obtains acknowledgments

of receipt of this Order:

A.      Stipulating Defendant, within seven (7) days of entry of this Order, must

submit to the Commission an acknowledgment of receipt of this Order sworn under penalty

of perjury.

B.      For five (5) years after entry of this Order, Stipulating Defendant for any

business that he, individually or collectively with any other Defendant, is the majority owner

or controls directly or indirectly, must deliver a copy of this Order to:

      1.     All principals, officers, directors, and LLC managers and members;

      2.     All employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and

      3.     Any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

      C.     From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XIV.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendant makes timely submissions to the Commission:

      A.     One year after entry of this Order, Stipulating Defendant must submit a compliance report sworn under penalty of perjury. Stipulating Defendant must:

      1.     Identify all of his telephone numbers and all physical, postal, email and Internet addresses, including all residences;

      2.     Identify all of his business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest;

17

3. Describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with him;

5. Identify all of Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6. Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant must describe if he knows or should know due to his own involvement);

7. Describe in detail whether and how Stipulating Defendant is in compliance with each Section of this Order; and

8. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For twenty (20) years after entry of this Order, Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Name, including aliases or fictitious name, or residence address;

2. Title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the

18

business or entity;

        3.     Any designated point of contact; or

        4.     The structure of any Corporate Defendant or any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

        C.     Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

        D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

        E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. All Us Marketing LLC, et al.* (X150048).

## XV.

### RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendant must create certain records for 20 years after entry of the Order, and retain each such record for five (5) years. Specifically, Stipulating Defendant for any business that he, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and maintain the following records:

     A.     Accounting records showing the revenues from all goods or services sold.

     B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination.

     C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response.

     D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

     E.     A copy of each unique advertisement or other marketing material.

## XVI.

### COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendant's compliance with this Order, including the financial representations upon which the judgment was suspended:

     A.     Within 14 days of receipt of a written request from a representative of any

Plaintiff, Stipulating Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.     For matters concerning this Order, Plaintiffs are authorized to communicate directly with Stipulating Defendant.  Stipulating Defendant must permit representatives of Plaintiffs to interview any employee or other person affiliated with Stipulating Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

      C.     Plaintiffs may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendant or any individual or entity affiliated with Stipulating Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

      D.     Upon written request from a representative of Plaintiffs, any consumer reporting agency must furnish consumer reports concerning Stipulating Defendant, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XVII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this _8_ day of ___June___, 2016.

_____
The Honorable John Antoon, II
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

_____          Dated: _05/25_, 2016
JAMES DAVIS, Trial Counsel
JOHN HALLERUD
Federal Trade Commission, Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Telephone: (312) 960-5634
Facsimile: (312) 960-5600
Email: jdavis@ftc.gov; jhallerud@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


Dated: _May 25_ , 2016

DENISE BEAMER
KRISTEN JOHNSON
Assistant Attorneys General
Florida Bar # 69369 (Beamer) and #89096 (Johnson)
Email: Denise.Beamer@myfloridalegal.com
        Kristen.Johnson@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Telephone:  (407) 316-4840
Facsimile:  (407) 245-0365

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL


**FOR STIPULATING DEFENDANT:**


Dated: _33 t6 6_ 2016

ALEX SERNA, *pro se*

23