UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, and | **Case No. 6:15 CV 1016-JA-KRS** |
| STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, | |
| Plaintiffs, | |
| vs. | |
| ALL US MARKETING LLC, f/k/a Payless Solutions, LLC, a Florida corporation, et al., | |
| Defendants. | |

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO DEFENDANTS FAIRIBORZ FARD, SHIRIN IMANI, AND GLOBAL MARKETING ENTERPRISES INC.

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of

Florida (collectively, "Plaintiffs"), filed their Complaint for Permanent Injunction and Other

Equitable Relief ("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer

Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the

Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida

Statutes (2014).  Plaintiffs and Defendants Fairiborz Fard, Shirin Imani, and Global

Marketing Enterprises Inc., (collectively, "Stipulating Defendants") stipulate to the entry of

this Stipulated Order for Permanent Injunction and Final Judgment ("Order") to resolve all

matters in dispute in this action between them.

1

THEREFORE, **IT IS ORDERED** and **ADJUDGED** as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter;

2.      The Complaint charges that Stipulating Defendants participated in deceptive and unfair acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); various provisions of the TSR, 16 C.F.R. Part 310; and Section 501.204 of the FDUTPA, Chapter 501, Part II, Florida Statutes, in the advertising, marketing, promotion, offering for sale, or sale of credit card interest rate reduction services.

3.      Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4.      Stipulating Defendants waive any claim that they may have against Plaintiffs and the Receiver and their employees, representatives, and agents and any claim that Stipulating Defendants may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order. Stipulating Defendants agree to bear their own costs and attorneys fees.

5.      Stipulating Defendants waive all rights to appeal or otherwise to challenge or to contest the validity of this Order.

**DEFINITIONS**

For purposes of this Stipulated Order for Permanent Injunction and Final Judgment, the following definitions apply:

2

1.      "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      "**Assisting Others**" includes, but is not limited to:

      a.      performing customer service functions, including receiving or responding to consumer complaints;

      b.      formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

      c.      formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

      d.      providing names of, or assisting in the generation of, potential customers;

      e.      performing marketing, billing, or payment services of any kind; and

      f.      acting or serving as an owner, officer, director, manager, or principal of any entity.

3.     **"Individual Defendants"** means Gary Rodriguez, Marbel Rodriguez, Carmen Williams, Jonathan Paulino, Fairiborz Fard, Shirin Imani, and Alex Serna, and by whatever other names each may be known.

4.     **"Corporate Defendants"** means All Us Marketing LLC, f/k/a Payless Solutions, LLC, Global Marketing Enterprises Inc., f/k/a Pay Less Solutions Inc., Global One Financial Services LLC, Your #1 Savings LLC, Ovadaa LLC, and Royal Holdings Of America LLC, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5.     **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6.     **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

7.     **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.     **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

4

a.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

b.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

c.      improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

d.      provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

9.      **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10.     **"Plaintiffs"** means the Federal Trade Commission ("FTC" or "Commission") and the State of Florida.

11.     **"Secured or unsecured debt relief product or service"** means:

a.      with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

i.      stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

5

       ii.     negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

       iii.     obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

       iv.     negotiate, obtain, or arrange any extension of the period of time within which a person may (a) cure his or her default on the mortgage, loan, debt, or obligation, (b) reinstate his or her mortgage, loan, debt, or obligation, (c) redeem a dwelling or other collateral, or (d) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

       v.     obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

       vi.     negotiate, obtain, or arrange (a) a short sale of a dwelling or other collateral, (b) a deed-in-lieu of foreclosure, or (c) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

6

b.      with respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

i.      repay one or more unsecured loans, debts, or obligations; or

ii.     combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

12.     **"Stipulating Defendants"** means Individual Defendants Fairiborz Fard and Shirin Imani and Corporate Defendant Global Marketing Enterprises Inc. and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by this entity.

13.     **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

I.

## PERMANENT BAN ON ROBOCALLS

**IT IS ORDERED** that Stipulating Defendants are permanently restrained and enjoined from initiating, or causing others to initiate, any telephone call that delivers a prerecorded message.

7

## II.

## <u>PERMANENT BAN ON TELEMARKETING</u>

**IT IS FURTHER ORDERED** that Stipulating Defendants are permanently restrained and enjoined from participating in Telemarketing, whether directly or through an intermediary.

## III.

## PERMANENT BAN WITH RESPECT TO SECURED OR UNSECURED <u>DEBT RELIEF PRODUCTS OR SERVICES</u>

**IT IS FURTHER ORDERED** that Stipulating Defendants are permanently restrained and enjoined from the advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any Secured or Unsecured Debt Relief Product or Service.  Provided, that if any Defendant holds a real estate sales license in good standing from the appropriate real estate licensing agency, or is employed by a broker that holds a license in good standing from the appropriate real estate agency, Section III shall not prohibit such Defendant from doing or negotiating to do one or more of the following acts for another, unless such act is marketed as a way to save a person's home from foreclosure or repossession:  selling or offering to sell, buying or offering to buy, soliciting prospective sellers or purchasers of, soliciting or obtaining listings of, or negotiating the purchase, sale or exchange of real property in a purchase money real estate transaction.  This proviso shall not be construed to limit the licensing or regulatory powers of any federal, state, or local government agency or other entity regulating real estate agents.

8

## IV.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    The terms or rates that are available for any loan or other extension of credit, including:

        1.    Closing costs or other fees;

        2.    The payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        3.    The interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

        4.    The loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

        5.    The amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

        6.    Whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7.      That the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.      The ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history.

C.      That a consumer will receive legal representation.

D.      Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## V.

## PROHIBITION AGAINST CERTAIN PRACTICES RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from:

A.      Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1.      Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or

10

partial refund, or the circumstances in which a full or partial refund will be granted to the consumer.

2.       That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program.

3.       The nature, expertise, position, or job title of any person who provides any product, service, plan, or program.

4.       Any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.       Causing billing information to be submitted for payment without having obtained consumers' express informed consent.

## VI.

## PROHIBITION AGAINST DECEPTIVE OR UNSUBSTANTIATED CLAIMS

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale or sale of any product or service, are permanently restrained and enjoined  from making any representation, or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service , unless the representation is non-misleading, and, at the time such representation is made, Stipulating Defendants possess

and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## VII.

## MONETARY RELIEF

**IT IS FURTHER ORDERED** that pursuant to the Court's ruling dated December 4, 2015 (Dkt. 112) declining to enter a proposed "suspended judgment," Stipulating Defendants have agreed to entry of a monetary judgment against them in the event they do not comply with their obligations relating to the submission of truthful, accurate, and complete financial statements as agreed to by the parties. Specifically, Stipulating Defendants and Plaintiffs agree that Stipulating Defendants would submit and have submitted financial statements to Plaintiffs as a precondition of settlement of this case and further that those financial statements must be truthful, accurate, and complete:

A.      Stipulating Defendants submitted to Plaintiffs their sworn financial statements and related documents (collectively, "Financial Statements"), namely:

1.      The Financial Statements of Individual Defendants Fard and Imani, each signed on July 2, 2015, including the respective attachments; and

2.      The Financial Statement of Corporate Defendant Global Marketing Enterprises Inc., signed by Fariborz Fard on September 24, 2015.

B.      Plaintiffs' agreement to this settlement is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' Financial Statements.

C.      If, upon motion by any Plaintiff, the Court finds that any Stipulating

Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in a Financial Statement identified above, then:

      1.     Judgment shall be entered in favor of Plaintiffs and against such Stipulating Defendants, jointly and severally, as equitable monetary relief;

      2.     The judgment amount shall be $4,890,797.00, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order; and

      3.     The judgment becomes immediately due.

    D.     Plaintiffs and Stipulating Defendants stipulate that $4,890,797.00 represents the consumer injury caused by the violations alleged in the Complaint.

## VIII.

## ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

    A.     Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

    B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

    C.     The facts alleged in the Complaint establish all elements necessary to sustain

an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.
§ 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

     D.     Stipulating Defendants acknowledge that their Taxpayer Identification
Numbers (Social Security Numbers or Employer Identification Numbers), which such
Defendants previously submitted to Plaintiffs, may be used for collecting and reporting on
any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

     E.     All money paid to Plaintiffs pursuant to this Order may be deposited into a
fund administered by the Commission or its designee on behalf of both the Commission and
the State of Florida. This fund shall be used for equitable relief, including consumer redress
and any attendant expenses for the administration of any redress fund. If a representative of
the Commission decides that direct redress to consumers is wholly or partially impracticable
or money remains after redress is completed, the Commission may apply any remaining
money for such other equitable relief (including consumer information remedies) as it
determines to be reasonably related to Stipulating Defendants' practices alleged in the
Complaint, relinquish its authority over any portion of the joint monies not used for equitable
relief to the State of Florida, or both. Stipulating Defendants shall have no right to challenge
the Commission's choice of remedies under this Section. Stipulating Defendants have no
right to challenge any actions Plaintiffs or their representatives may take pursuant to this
Subsection.

     F.     All joint funds not used for the equitable relief described above in Paragraph
E of this Section ("remaining joint funds") shall be distributed between the Commission and
the State of Florida in the following manner:

1.      The State of Florida shall be reimbursed for the costs and fees it incurred in this matter including, but not limited to, its costs of investigation and litigation, after which,

2,      All remaining joint funds shall be divided equally between the Commission and the State of Florida.

## IX.

### DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the Stipulating Individual Defendants' Assets  pursuant to the Preliminary Injunction is lifted upon the entry of this Order.  The freeze on the Stipulating Corporate Defendant's Assets shall remain in effect until such time as the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged pursuant to Section XIII of this Order.  A financial institution shall be entitled to rely upon a letter from the Commission stating that the freeze on Stipulating Defendant's Assets has been lifted.

## X.

### CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to administer efficiently consumer redress.  If a representative of the Commission requests in

15

writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days.

    B.    Disclosing, using, or benefiting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Stipulating Defendant obtained prior to entry of this Order.

    C.    Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Plaintiffs.

*Provided, however*, that customer information need not be destroyed, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## XI.

## PROHIBITION AGAINST COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any credit card interest rate reduction product or service from any Defendant.

## XII.

16

## COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of Plaintiffs in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Defendants must provide truthful and complete information, evidence, and testimony. Such Stipulating Individual Defendants must appear and such Stipulating Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission or State of Florida representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission or State of Florida representative may designate, without the service of a subpoena.

## XIII.

## TERMINATION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Mark Bernet as Receiver over Stipulating Corporate Defendant Global Marketing Enterprises Inc. pursuant to Section VII of the Preliminary Injunctions entered on July 7, 2015, is hereby continued in full force and effect except as modified by this Section.

A.     The Receiver is directed and authorized to accomplish the following within sixty (60) days after entry of this Order:

1.     Complete, as necessary, the liquidation of the assets of Stipulating Corporate Defendant;

2.     Prepare and file with the Court a final report describing the Receiver's

17

activities with respect to Stipulating Corporate Defendant pursuant to this Order and the Preliminary Injunction Order, and a final application for compensation and expenses; and

       3.     Upon the Court's approval of the Receiver's final application for compensation and expenses with respect to Stipulating Corporate Defendant, distribute to the Commission any remaining liquid assets at the conclusion of the Receiver's duties.

     B.     Upon completion of the above tasks, the duties of the Receivership over Stipulating Corporate Defendant shall terminate, and the Receiver shall be discharged as to Stipulating Corporate Defendant only.

## XIV.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

     A.     Each Stipulating Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

     B.     For five (5) years after entry of this Order, each Stipulating Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Stipulating Corporate Defendant, must deliver a copy of this Order to:

       1.     All principals, officers, directors, and LLC managers and members;

       2.     All employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and

18

3.      Any business entity resulting from any change in structure as set forth

in the Section titled Compliance Reporting.

Delivery must occur within seven (7) days of entry of this Order for current

personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Stipulating Defendant delivered a

copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and

dated acknowledgment of receipt of this Order.

## XV.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions

to the Commission:

A.      One year after entry of this Order, each Stipulating Defendant must submit a

compliance report sworn under penalty of perjury.

1.      Each Stipulating Defendant must:

a.      Identify the primary physical, postal, and email address and

telephone number, as designated points of contact, which representatives of the Commission

may use to communicate with such Stipulating Defendant;

b.      Identify all of that Stipulating Defendant's businesses by all of

their names, telephone numbers, and physical, postal, email, and Internet addresses;

c.      Describe the activities of each business, including the goods

and services offered, the means of advertising, marketing, and sales, and the involvement of

any other Defendant (which an Individual Defendant must describe if such Individual

Defendant knows or should know due to such Individual Defendant's own involvement);

   d.  Describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and

   e.  Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

   2.  Additionally, each Stipulating Individual Defendant must:

   a.  Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

   b.  Identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and

   c.  Describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

   B.  For ten (10) years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

   1.  Each Stipulating Defendant must report any change in:

   a.  Any designated point of contact; or

   b.  The structure of any Corporate Defendant or any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or

dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

       2.     Additionally, each Stipulating Individual Defendant must report any change in:

       a.     Name, including aliases or fictitious name, or residence address; or

       b.     Title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

       C.     Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

       D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

       E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania

Avenue NW, Washington, DC 20580.  The subject line must begin:  *FTC v. All Us Marketing LLC, et al.* (X150048).

## XVI.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 20 years after entry of the Order, and retain each such record for five (5) years. Specifically, Stipulating Corporate Defendant and each Stipulating Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and maintain the following records:

     A.     Accounting records showing the revenues from all goods or services sold.

     B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination.

     C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response.

     D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

     E.     A copy of each unique advertisement or other marketing material.

## XVII.

## COMPLIANCE MONITORING

22

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial representations upon which the judgment was suspended and any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of any Plaintiff, each Stipulating Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, Plaintiffs are authorized to communicate directly with each Stipulating Defendant.  Stipulating Defendants must permit representatives of Plaintiffs to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.    Plaintiffs may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of Plaintiffs, any consumer reporting agency must furnish consumer reports concerning Stipulating Individual

Defendants, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act,

15 U.S.C. § 1681b(a)(1).

## XVIII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this ___1st___ day of ___November___, 2016.

_____
The Honorable John Antoon, II
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

_____
JAMES DAVIS, Trial Counsel
JOHN HALLERUD
Federal Trade Commission, Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Telephone: (312) 960-5634
Facsimile: (312) 960-5600
Email: jdavis@ftc.gov; jhallerud@ftc.gov

Dated: ___Nov. 1___, 2016

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

_____

Dated: ___November 1___, 2016

24

DENISE BEAMER
KRISTEN JOHNSON
Assistant Attorneys General
Florida Bar # 69369 (Beamer) and #89096 (Johnson)
Email:  Denise.Beamer@myfloridalegal.com
        Kristen.Johnson@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Telephone: (407) 316-4840
Facsimile: (407) 245-0365
Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

**FOR STIPULATING DEFENDANTS:**

_____          Dated: _Aug 23-d_____, 2016
FAIRIBORZ FARD, individually
and as an officer of
GLOBAL MARKETING ENTERPRISES INC.

_____          Dated: _Aug 23rd_____, 2016
SHIRIN IMANI, individually

25