UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL, DEPARTMENT
OF LEGAL AFFAIRS,

    Plaintiffs,

v.              Case No: 6:15-cv-1016-Orl-28KRS

ALL US MARKETING LLC, et al.,

    Defendants.

## ORDER

  The Federal Trade Commission and the State of Florida brought this action against eighteen Defendants, alleging violations of § 5(a) of the Federal Trade Commission Act[1] (Counts One through Three), the Telemarketing Sales Rule[2] promulgated under the Telemarketing and Consumer Fraud and Abuse Prevention Act[3] (Counts Four through Twelve), and the Florida Deceptive and Unfair Trade Practices Act[4] (Count Thirteen). (First Am. Compl., Doc. 87). The Court previously entered Stipulated Orders for Permanent Injunction and Final Judgment against fifteen of the eighteen Defendants, (see Docs. 131, 132, 133, 134, 135, 136, & 154), and only three Defendants remain—Christian Serna, All Us Marketing LLC, and GRR Financial Services LLC. Now before the Court is Plaintiffs'

---

[1] 15 U.S.C. § 45(a).
[2] 16 C.F.R. pt. 310.
[3] 15 U.S.C. §§ 6101–6108.
[4] §§ 501.201–.213, Fla. Stat.

Second Renewed Motion for Entry of Default Judgment and Order for Permanent Injunction and Monetary Relief (Doc. 166) against these three Defendants.

The assigned United States Magistrate Judge has submitted a Report (Doc. 168) recommending that the motion be granted in part and denied in part. Specifically, the Report recommends that the Court:

- find these three Defendants liable on Counts One through Seven and Nine through Thirteen of the First Amended Complaint;
- decline to find these three Defendants liable on Count Eight of the First Amended Complaint;
- enter a permanent injunction against Defendants All Us Marketing LLC and GRR Financial Services LLC in a form acceptable to the Court;
- enter a permanent injunction against Defendant Christian Serna in a form acceptable to the Court if Plaintiffs comply with the Servicemembers Civil Relief Act[5] within the time for objecting to the Report;
- award equitable monetary relief against All Us Marketing LLC and in favor of Plaintiffs in the amount of $640,747.00, provided that Plaintiffs may not collect any amounts that would result in Plaintiffs recovering more than $4,890,797.00 in this case;
- award equitable monetary relief against GRR Financial Services LLC and Christian Serna, jointly and severally, in the amount of $389,915.00, provided that Plaintiffs may not collect any amounts that result in Plaintiffs recovering more than $4,890,797.00 in this case, and provided—as to Defendant Serna—that Plaintiffs comply with the Servicemembers Civil Relief Act within the time for objecting to the Report; and
- direct the Clerk to close the case after entry of judgment.

(Doc. 168 at 29–30).

Plaintiffs have complied with the Servicemembers Civil Relief Act. (See Docs. 170 & 170-1). Plaintiffs have also filed an Objection (Doc. 171) to the Report. Specifically, Plaintiffs object to the portion of the Report recommending that these three Defendants not

---

[5] 50 U.S.C. § 3901 et seq. This statute requires that in a civil action in which the defendant does not make an appearance, the court shall, "before entering judgment for the plaintiff, . . . require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." Id. § 3931(a), (b)(1).

2

be held liable on Count Eight of the First Amended Complaint. Count Eight is one of Plaintiffs' claims under the Telemarketing Sale Rule, and in this count, Plaintiffs allege that Defendants violated 16 C.F.R. § 310.4(b)(1)(iii)(B), which provides:

> It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in . . . [i]nitiating any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services[,] **unless** the seller or telemarketer: (1) [c]an demonstrate that the seller has obtained the express agreement, in writing, of such person to place calls to that person . . . ; or (2) [c]an demonstrate that the seller has an established business relationship with such person, and that person has not stated that he or she does not wish to receive outbound telephone calls under [16 C.F.R. § 310.4(b)(1)(iii)(A)] . . . .

16 C.F.R. § 310.4(b)(1)(iii)(B) (emphasis added).

In recommending that these three Defendants not be held liable under this provision, the Report states that "the amended complaint does not appear to adequately state a claim" because it "does not include allegations showing that any calls made to numbers on the National Do Not Call Registry were made without express written consent or an established business relationship with the person." (Doc. 168 at 21). In their Objection, Plaintiffs persuasively argue that express written consent and an established business relationship are affirmative defenses on which the defendants bear the burden of proof and that Plaintiffs were not required to negate affirmative defenses in the Amended Complaint in order to obtain a default judgment on this claim. (See Doc. 171 at 2–4). Therefore, this portion of the Report will not be adopted, and the Court will hold Defendants Christian Serna, All Us Marketing LLC, and GRR Financial Services LLC liable on Count Eight along with the other counts of the First Amended Complaint.

In sum, after review of the record, including consideration of the Objection filed by Plaintiffs as stated above, the Court agrees in part and disagrees in part with the findings

3

and conclusions in the Report and Recommendation. It is **ORDERED** as follows:

1. The Report and Recommendation (Doc. 168) is **ADOPTED** and **CONFIRMED** and made a part of this Order except insofar as it pertains to Count Eight of the Amended Complaint and insofar as it recommends directing the Clerk to close the case.

2. Plaintiffs' Second Renewed Motion for Entry of Default Judgment and Order for Permanent Injunction and Monetary Relief Against Defendants Christian Serna, All Us Marketing LLC, and GRR Financial Services LLC (Doc. 166) is **GRANTED**. Defendants Christian Serna, All Us Marketing LLC, and GRR Financial Services LLC shall be held liable to the Federal Trade Commission for violations of the Federal Trade Commission Act and the Telemarketing Sales Rule as stated in Counts One through Twelve of the First Amended Complaint. Defendants Christian Serna, All Us Marketing LLC, and GRR Financial Services LLC shall be held liable to the State of Florida for violations of the Telemarketing Sales Rule and the Florida Deceptive and Unfair Trade Practices Act as stated in Counts Four through Thirteen of the First Amended Complaint.

3. The Court will enter a default judgment and permanent injunction in a separate document.

**DONE** and **ORDERED** in Orlando, Florida, on May 22, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel of Record
Unrepresented Parties